IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Vs.

KEITH HAVENER,

Defendant.

No. 25-CR-4001-LTS-KEM

SENTENCING MEMORANDUM AND BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR VARIANCE FROM ADVISORY SENTENCING GUIDELINES

The defendant, by and through his attorney, Patrick T. Parry, hereby submits the following sentencing memorandum and brief in support of the defendant's motion for downward variance from the advisory sentencing guidelines.

TABLE OF CONTENTS


I. FACTS.....2

II. WITNESSES AND EXHIBITS.....3

III. ARGUMENT.....3

1. The defendant's sentence should be reduced below the advisory guidelines due to the history and characteristics of the defendant and the reduced risk to the community.....3

IV. CONCLUSION.....5

I. FACTS

The defendant, Keith Havener, is before the Court for sentencing pursuant to a plea of guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). PSIR paragraph 1. This defendant has been detained pending sentencing in this case since January 13, 2025. PSIR paragraph 2. The defendant is 62 years of age and has an associates degree. PSIR identification page; PSIR paragraph 47. The defendant has worked as a service director since 2007 until his arrest on the instant offense. PSIR paragraph 49. The defendant has no scored criminal history points. He has only a deferred judgment for OWI in 1984 and a driving while license suspended charge from the same date when he was 20 years old. PSIR paragraphs 28-30. The defendant has struggled with the use of alcohol since age 14 and had dramatically increased his drinking during the three years prior to arrest including drinking half a bottle of liquor daily. PSIR paragraph 43. This case involves child pornography that is exclusively comprised of AI generated images that used social media photos of minors likenesses with a superimposed digital body that was nude/ partially nude, where some of the AI composites show sexual activity and/or lascivious genital exhibition. PSIR paragraphs 4, 6, 8. A single picture used a social media image when a victim was under 12 years of age (11 years old). PSIR paragraph 6.

The parties have reached an agreement where the government is no longer seeking the 5 point upward enhancement based on a pattern of sexual abuse or exploitation of a minor pursuant to USSG § 2G2.2(b)(5) and the defendant is dropping his objection to the 4 point enhancement for material involving sadistic or masochistic conduct pursuant to USSG § 2G2.2(b)(4)(A). The parties are also stipulating that the number of images involved in the offense was 151 images

under USSG § 2G2.2(b)(7)(B) (+3 instead of the +5 scored by probation). With a base offense level of 18; plus a two-level enhancement for involving a minor under 12 years; plus two levels for distribution of the images; plus 4 levels for sadistic /masochistic conduct; plus 2 levels for use of a computer; plus 3 levels for 151 images; and assuming a three-level reduction for acceptance of responsibility, the total offense level is 28. The total guideline range based on the parties' stipulation with a scored criminal history category I is a range of 78-97 months.

## II. WITNESSES AND EXHIBITS

The defense does not anticipate calling any witnesses (other than the defendant) or introducing any exhibits.

## III. ARGUMENT

1. The Defendant's sentence should be reduced below the advisory guidelines due to the history and characteristics of the defendant and the reduced risk to the community.

The defendant requests that the Court consider the defendant's history and personal characteristics, in particular his lack of criminal history and the reduced risk to the community, in determining an appropriate sentence under the § 3553(a) factors.

**Image Numbers/Use of a Computer Enhancements/Victim Age**

Probation has scored this offense with an additional two levels for some materials involving prepubescent minors, another two levels for use of a computer under U.S.S.G. §2G2.2 (b)(6). PSIR paragraph 16. In 2022, the U.S. Sentencing Commission noted that "[e]nhancements that were initially intended to target more serious and more culpable offenders have resulted in an increase in the average guideline minimum and average sentence imposed for

non-production child pornography offenses." U.S. Sentencing Commission May 2022 Report on Non-Production Child Pornography Offenses.[1] The Sentencing Commission observed in its June 2021 report that over 95 percent of non-production child pornography offenders received enhancements for use of a computer and for the age of the victim.[2] In 2012, the Sentencing Commission recommended that Congress provide authority to amend the guidelines to allow the Commission to account for changes in typical offense behavior and advancements in technology.3 In today's world, almost all defendants receive and view child pornography by using a computer. This results in the quick accumulation of a large number of images that may include prepubescent minors, but does not accurately reflect the greatly increased risk to the public as posited by guideline calculations. Additionally, the 2 level enhancement for material involving a victim under the age of 12 is based here on a single picture that used a social media image when the victim was 11. PSIR paragraph 6. The typical two level enhancement would seem to overstate the increased risk in this defendant's behavior compared to the average recipient of said enhancement. Therefore, the additional guideline increase based on computer use/guideline image number and victim age should be considered by the court in a variance analysis.

**Alcohol Addiction/Crminal History/Age**

As noted, this defendant has been a heavy alcohol user for a large portion of his life. PSIR

---

1 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/backgrounders/rg_child-pornography-non-production.pdf
2 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf
3 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/backgrounders/rg_child-pornography-non-production.pdf

paragraphs 743. Sentencing courts have the authority to impose below-guideline sentences on the basis of drug addiction. *See* U.S. v. Frausto Carlos, 397 Fed. Appx. 276 (8th Cir. 2010)(unpublished). It seems clear that significant alcohol consumption affected the defendant's behavior and factored into the instant offense. If this defendant is able to successfully complete treatment and maintain sobriety, it is unlikely the defendant will commit future similar offenses, particularly in light of his age (62) and extremely limited criminal history (previous criminal history of OWI and driving offenses was 42 years earlier). This defendant poses a reduced risk overall compared to the average defendant on a similar charge.

IV. CONCLUSION

For the foregoing reasons, the defendant respectfully asks the Court to consider the foregoing in the context of a downward variance and the ultimately imposed sentence.

Respectfully Submitted,
/s/ Patrick T. Parry
Patrick T. Parry
Mayne, Hindman, Frey, Parry and Wingert
701 Pierce St., Ste. 300
Sioux City, IA 51101
(712)277-1434
FAX (712)255-8049
pparry@maynelaw.com
ATTORNEY FOR DEFENDANT